IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONALD D. WHARY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 1:12CV1261 |
| ) | |
| CAROLYN W. COLVIN[1], ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion to Dismiss [Doc. #6] filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or "Commissioner"). Defendant moves to dismiss Plaintiff Ronald D. Whary's ("Plaintiff") Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has not responded in any way to Defendant's Motion to Dismiss.[2] For the reasons set

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). For simplicity, this Order will refer to the Acting Commissioner as the Commissioner.

[2] Local Rule 7.3(k) states in relevant part that "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. 7.3(k). Therefore, because Plaintiff has failed to file any Response to Defendant's Motion to Dismiss, the Court could, in its discretion, grant Defendant's Motion without further discussion. However, as set forth below, the Court will undertake a review of this matter to determine whether subject matter jurisdiction exists.

forth below, the Court will grant Defendant's Motion and will dismiss this case with prejudice.

I.    PROCEDURAL BACKGROUND

On September 20, 2006, Plaintiff filed an application for a period of disability and disability insurance benefits, which was denied initially and upon reconsideration. (Jones Decl. ¶ 3(a), [Doc. #7-1]).[3] On May 28, 2009, an Administrative Law Judge ("ALJ") issued a fully favorable decision, finding Plaintiff disabled as of June 1, 2006. (Jones Decl. ¶ 3(b), [Doc. #7-1]). However, on August 6, 2010, the Assistant Regional Commissioner for Processing Center Operations returned Plaintiff's case to the Appeals Council for consideration of Plaintiff's earnings after the stated onset of disability. (Jones Decl. ¶ 3(b), [Doc. #7-1]). As a result, the Appeals Council remanded the case on October 27, 2010, for further development of Plaintiff's work activity during the relevant period. (Jones Decl. ¶ 3(c), [Doc. #7-1]). On April 10, 2012, following a hearing, the ALJ issued a partially favorable decision, finding Plaintiff disabled as of January 1, 2010, but not before. (Jones Decl. ¶ 3(d), [Doc. #7-1]). In the Notice of Decision sent to Plaintiff, the ALJ informed Plaintiff of his right to file an appeal of the ALJ's decision with the Appeals Council. (Ex. A-1 to Def.'s Memorandum in Support, [Doc. #7-2]). The ALJ further informed Plaintiff that to file such an appeal, Plaintiff must, within sixty (60) days of the date Plaintiff received the Notice of Decision, request in writing that the Appeals Council review the ALJ's decision. (Ex. A-1 to Def.'s Memorandum in Support, [Doc. #7-2]). Plaintiff

---

[3] All citations to "Jones Decl." reference the Declaration of Mr. James Jones, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Mr. Jones' Declaration is attached to Defendant's Memorandum in Support of her Motion to Dismiss.

2

did not file a request for review of the ALJ's decision until July 20, 2012, outside of the sixty-day time period set forth in the Notice of Decision.[3] In his request, Plaintiff included a "good cause" explanation for the late filing, contending that Plaintiff did not receive additional evidence until July 17, 2012, and, therefore, was unable to submit the additional evidence to the Appeals Council or properly request the appeal. (Ex. A-3 to Def.'s Memorandum in Support, [Doc. #7-4]). On August 13, 2012, the Appeals Council issued an order finding that Plaintiff's reason for late filing his request for review did not constitute good cause to extend the time for filing. (Ex. A-3 to Def.'s Memorandum in Support, [Doc. #7-4]). As such, the Appeals Council dismissed Plaintiff's request for review. (Ex. A-3 to Def.'s Memorandum in Support, [Doc. #7-4]). On November 26, 2012, Plaintiff filed his Complaint in the present action, in which Plaintiff seeks review by this Court of the ALJ's decision. Defendant moves to dismiss this case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

When a defendant moves to dismiss based on lack of subject matter jurisdiction, the Plaintiff bears the burden of proving that subject matter jurisdiction exists. <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). In this

---

[3] The date on the Notice of Decision was April 10, 2012. As stated in the Notice of Decision, and as set forth in the relevant regulations, a claimant is deemed to have received the Notice of Decision five (5) days after the date on the Notice unless he shows that he did not receive it within the five-day period. 20 C.F.R. § 404.901. Therefore, Plaintiff had sixty (60) days from April 15, 2012, or up to June 14, 2012, to file his request for review with the Appeals Council. In his request for review, Plaintiff did not make any showing that he did not receive the Notice of Decision within five days of April 10, 2012.

3

case, Defendant contends that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 405(g). Section 405(g) provides in relevant part that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by civil action" in the United States District Court for the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g) (emphasis added). In order to obtain a judicially reviewable "final decision," the Plaintiff must complete an administrative review process within a specific time. 20 C.F.R. § 404.900(a)(1-4); Matthews v. Eldridge, 424 U.S. 319, 327, 96 S. Ct. 893, 899, 47 L. Ed. 2d 18 (1976) ("The only avenue for judicial review is [42 U.S.C. § 405(g)], which requires exhaustion of the administrative remedies provided under the [Social Security] Act as a jurisdictional prerequisite."). Under the relevant regulations, the administrative process has four steps, which must be taken in order: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge, and (4) appeals council review. 20 C.F.R. § 404.900(a)(1-4). Only after the completion of all four steps may the plaintiff request judicial review in a federal district court. 20 C.F.R. § 404.900(a)(5); 20 C.F.R. § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.").

More specifically, if, in the course of the administrative process, a plaintiff is dissatisfied with the decision of the ALJ, he may request review of that decision by the Appeals Council

within sixty (60) days of the ALJ's decision. 20 C.F.R. §§ 404.955, 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand, or the Appeals Council may grant the request for review and issue its own decision. 20 C.F.R. § 404.981. In either case, the plaintiff may then seek judicial review of the Commissioner's final decision by filing an action in the appropriate federal district court within sixty (60) days after receiving notice of the Appeals Council's decision. 20 C.F.R. § 404.981. However, if the plaintiff fails to file a request for review before the Appeals Council within the stated time period, and the time for filing is not extended, the Appeals Council will dismiss the plaintiff's request for review, and the ALJ's decision becomes binding on all parties. 20 C.F.R. § 404.971; 20 C.F.R. § 404.955.

In the present case, it is undisputed that Plaintiff failed to timely request that the Appeals Council review the ALJ decision and, as a result, the Appeals Council dismissed Plaintiff's request for review. Therefore, the issue before the Court is whether the Appeals Council's decision to dismiss Plaintiff's untimely request for review is a "final decision" by the Commissioner subject to judicial review. The Fourth Circuit has previously addressed this very issue, holding that "refusal to review for failure to file a timely request [does] not constitute a final decision by the [Commissioner]." Adams v. Heckler, 799 F.2d 131, 133 (4th Cir. 1986). Therefore, based on this Fourth Circuit precedent, the Commissioner did not issue a "final decision" in this case that is subject to judicial review. More specifically, the decision of the ALJ issued on April 10, 2012, became binding on the parties upon Plaintiff's failure to timely file a request for review by the Appeals Council, and is not subject to further review by this Court due

5

to Plaintiff's failure to timely exhaust his administrative remedies. See 20 C.F.R. § 404.900; 20 C.F.R. § 404.955. Moreover, the Appeals Council's dismissal of Plaintiff's request for review is also binding and not subject to further review by this Court. Adams, 799 F.2d at 133; 20 C.F.R. § 404.972. Accordingly, because no judicially reviewable decision has been issued in this case, Plaintiff has failed to show that the Court has subject matter jurisdiction to review his claims. As such, the Court will grant Defendant's Motion to Dismiss and will dismiss this case with prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #6] is hereby GRANTED and this case is DISMISSED WITH PREJUDICE. A Judgment will be filed contemporaneously herewith.

This the 15th day of April, 2013.

_____
United States District Judge